IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN WAGNER and ANDRE ARAUJO<br>Plaintiffs,<br><br>v.<br>CITY OF PHILADELPHIA, A&M CURRAN LLC AND THOMAS CURRAN<br>Defendants. | CIVIL ACTION<br><br>NO. 2:22-CV-01394 |

# ORDER

AND NOW, on this _____ day of _____, 2022, after consideration of Defendants City of Philadelphia, A&M Curran LLC and Thomas Curran's Motion for Judgment on the Pleadings, it is HEREBY ORDERED that the Motion is **GRANTED** and that Plaintiff's Complaint is dismissed **WITH PREJUDICE.**

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN WAGNER and ANDRE ARAUJO<br>      Plaintiffs,<br><br>  v.<br>CITY OF PHILADELPHIA, A&M CURRAN LLC AND THOMAS CURRAN<br>      Defendants. | CIVIL ACTION<br><br>NO. 2:22-CV-01394 |

**DEFENDANTS CITY OF PHILADELPHIA, A&M CURRAN LLC AND THOMAS CURRAN'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, City of Philadelphia (the "City"), A&M Curran LLC and Thomas Curran ("Curran"), collectively ("Moving Defendants"), by and through the undersigned counsel, hereby moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In support of this motion, Moving Defendants incorporate the attached memorandum of law. Moving Defendants respectfully request that this Court dismiss the claims asserted against them with prejudice.

                   Respectfully submitted,

BY: /**s**/ *Franklin C. Love*
     FRANKLIN C. LOVE, ESQUIRE
     fclove@zarwin.com
     **ZARWIN, BAUM, DeVITO, KAPLAN,**
     **SCHAER & TODDY, P.C.**
     One Commerce Square
     2005 Market Street, 16th Floor
     Philadelphia, PA 19103
     Phone: 215.569.2800
     Fax: 267.765.9638
     **Attorney for Defendants,**
     **City of Philadelphia, A&M Curran LLC**
     **and Thomas Curran**

Dated: May 25, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN WAGNER and ANDRE ARAUJO<br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br>CITY OF PHILADELPHIA, A&M CURRAN LLC AND THOMAS CURRAN<br>　　　　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 2:22-CV-01394 |

**DEFENDANTS CITY OF PHILADELPHIA, A&M CURRAN LLC
AND THOMAS CURRAN'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR JUDGMENT ON THE PLEADINGS**

The Court should dismiss Plaintiffs' Complaint because Plaintiffs seek to circumvent Third Circuit case law by suing Defendants City of Philadelphia (the "City"), A&M Curran LLC and Thomas Curran ("Curran"), collectively ("Moving Defendants") without making any factual allegations regarding a municipal policy or custom or the conduct of a municipal policymaker which allegedly resulted in Plaintiffs' harm. Therefore, the Court should dismiss Plaintiffs' Complaint against Moving Defendants.

**I.　　BACKGROUND**

This matter arises from the demolition of Plaintiffs' property located at 838 Cantrell St., Philadelphia, PA 19148 on or about September 9, 2021. Plaintiffs filed their Complaint in the Philadelphia Court of Common Pleas on March 11, 2022. *See a true and correct copy of Plaintiffs' Complaint, attached hereto as Exhibit "A."* Plaintiffs allege various violations of state and federal law; specifically, violations of the Fourth and Fourteenth Amendments of the United States Constitution. *See generally Exhibit "A."* Plaintiffs served Answering Defendant with the Complaint on March 14, 2022. The undersigned entered his appearance in the

Philadelphia Court of Common Pleas in this matter on March 31, 2022. Based on the allegations of violations of federal law, Answering Defendant filed a Notice of Removal on April 8, 2022. (Docket No. 1). The City filed its Answer to Plaintiffs' Complaint on April 29, 2022. (Docket No. 7) and an Amended Answer on May 4, 2022. (Docket No. 11). Curran Answered Plaintiff's Complaint on May 10, 2022. (Docket No. 12).

Plaintiffs' claims arise in connection with the demolition of a building owned by Plaintiffs at 838 Cantrell St., Philadelphia, Pennsylvania (the "Property"). *See Exhibit "A."* On September 8, 2021, the City received a complaint that the Property was partially demolished without permits and was a safety concern for neighboring property. *See Log Notes of Initial Complaint, attached hereto as Exhibit "B."* On the same date, the City inspected the Property. *See Violation Notice and Order to Correct, attached hereto as Exhibit "C."* Upon inspection, Inspector Clark took photographs of the building collapse. *See Case File Summary Report, attached hereto as Exhibit "D."* On September 9, 2021, the City prepared a notice to Plaintiff Stephen Wagner titled "Violation Notice and Order to Correct" which stated that on September 8, 2021, the Property had been deemed "**IMMINENTLY DANGEROUS**". *See Exhibit "C."* Plaintiffs allege that the Notice was mailed on September 13, 2021 and the Notice was received on September 14, 2021. *See Exhibit "A"* at ¶¶ 14, 20. Plaintiff alleges that the City (through its contractor Curran) began demolition of the property on September 9, 2021. *Id.* at ¶ 18.

Based on the above, facts, Plaintiffs assert two claims. The first is a claim for violation of Procedural Due Process on the grounds that the City failed to give Plaintiff adequate notice of the City's intention to demolish the Property. *Id.* at ¶ 18. Specifically, Plaintiffs allege that the City demolished the Property pursuant to its "customary practices" under its "Abatement Field Manual" (the "Field Manual"). *Id.* at ¶¶ 63-74. Plaintiffs also allege that the Property "required

2

repairs and renovations but was not in danger of imminent collapse." *See* Exhibit "A," at ¶ 37, 99-102.

Plaintiff also asserts a claim for Substantive Due Process on the basis that the demolition constitutes a seizure under the Fourth Amendment and no adequate recourse was provided whereby Plaintiffs could challenge the City's actions. *Id.* at ¶ ¶ 91-96.

However, the Complaint includes *no factual allegations* regarding any municipal policy or custom which caused Plaintiffs' alleged harms, nor does it allege any conduct on behalf of a municipal policymaker. For these reasons, Plaintiffs' claims against Moving Defendants should be dismissed with prejudice.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Motions for judgment on the pleadings are reviewed under the same standard as motions to dismiss pursuant to Rule 12(b)(6). *See Spruill v. Gillis*, 372 F.3d 218, 223 n. 2 (3d Cir. 2004) (noting that there is "no material difference in the applicable legal standards" for Rule 12(b)(6) and Rule 12(c) motions); *Constitutional Bank v. DiMarco*, 815 F. Supp. 154, 157 (E.D. Pa. 1993).

A motion to dismiss under Rule 12(b)(6), and likewise, a motion for judgment on the pleadings under Rule 12(c), will be granted if the plaintiff has not articulated enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements do not suffice." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Put differently, while a court should accept the truth of a complaint's

factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

### III.   ARGUMENT

#### A.   Plaintiffs Fail to State a Claim Against the City of Philadelphia

The Court should grant this Motion and dismiss Plaintiffs' claims against the City with prejudice. Plaintiffs allege that the City demolished the Property pursuant to its "customary practices" under the "Field Manual". *See Exhibit "A,"* at ¶¶ 63-74. Plaintiffs allege that they were harmed here because the City failed to follow its custom or practice by not providing Plaintiffs adequate notice prior to the demolition of the Property. *Id.* at ¶¶ 92-96. Plaintiffs also include allegations that the City failed to wait until the appeal period had ended prior to commencing demolition and the Property was not in danger of imminent collapse. *Id.* at ¶¶ 92-96, 99-102.

These allegations are an attempt to sue the City under *Monell v. Department of Social Services of New York City,* 436 U.S. 658 (1978). In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mullholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

Here, Plaintiffs fail to adequately allege a *Monell* claim for at least two reasons. First, the Complaint simply references a "customary practice" – language associated with the required

4

elements of a *Monell* claim – but without pleading any actual facts regarding the municipal policy or custom, or even alleging that the policy or custom resulted in harm to the Plaintiffs. Additionally, Plaintiffs completely fail to identify a municipal decisionmaker in its Complaint. As such, Plaintiffs' Complaint should be dismissed in its entirety.

### 1. Plaintiffs' *Monell* Claim Fails Because Plaintiffs Plead No Facts Regarding a Municipal Policy or Custom.

The Court should dismiss Plaintiffs' Complaint because the Plaintiffs wholly fail to allege that the City's alleged policy or custom caused harm to the Plaintiffs or to allege and facts concerning the policy or custom. In *Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014), the Third Circuit Court of Appeals affirmed the dismissal of a *Monell* claim. *See id*. at 102. The plaintiff in *Wood* set forth a series of conclusory allegations that "simply paraphrase[ed]" the elements of *Monell* liability. *See id.* at 103-04. The Third Circuit held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *See id.* at 104 (citations and quotations omitted).

Here, Plaintiffs have tried to plead a *Monell* claim without a single factual allegation as to the existence of any municipal policy or custom which resulted in harm to Plaintiff. *Compare* Plaintiffs' Complaint at ¶¶ 18-90 (setting forth allegations against the City), *with Wood*, 568 F. App'x at 103-04 (discussing and rejecting conclusory *Monell* allegations). Nowhere do Plaintiffs allege that the City engaged in a custom or practice that resulted in Plaintiffs' harm. These allegations fall well short of the pleading requirements of a claim under *Monell*.

A complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom."  *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (emphasis added)

(citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Because Plaintiffs' *Monell* averments in this case include no such factual allegations, Plaintiffs' Complaint should be dismissed. *See Butler*, 2013 WL 5842709, at *2 (granting motion to dismiss complaint that merely parroted the legal standard of *Monell*); *Saleem v. Sch. Dist. of Phila.*, No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) (dismissing *Monell* claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); *Niblack v. Murray*, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing *Monell* claim because "[p]laintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom"); *Torres*, 2008 WL 2600314, at *5 (dismissing *Monell* claim for failure to plead specific facts).

### 2. Plaintiffs' *Monell* Claim Fails Because Plaintiffs Do Not Allege Conduct by a Municipal Policymaker.

Plaintiff also fails to state a *Monell* claim because the Complaint fails entirely to identify any policymaker involved in the formation of a custom or policy. The Third Circuit has held on multiple occasions that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss its *Monell* claim. *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action"). Here, the Complaint neither identifies a municipal policymaker nor makes any allegations about the conduct of any such policymaker. *See Exhibit "A"* at ¶¶ ¶¶ 18-90 . Therefore, the Court should dismiss Plaintiffs' claims against

the City for this additional reason. *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable Monell claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); *Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue").

> **B. Plaintiffs' Claims Against A&M Curran LLC and Thomas Curran Must Be Dismissed Because the Contractor Defendants are Immune from Suit as a Government Contractor.**

There is no dispute in this matter that Curran performed the demolition work at the Property. It is also undisputed that Curran performed the demolition work at the Property pursuant to a contract with the City of Philadelphia. *See Notice of Demolition Permit and City of Philadelphia Purchase Order, attached hereto respectively as Exhibits, "E" and "F."* As can be seen on both the Notice of Demolition Permit and the Purchase Order, the City of Philadelphia engaged Curran to perform the demolition work and set forth the specifications for that work. *See Exhibits "E" and "F."*

Specifically, the Demolition Permit states: "**for the complete demolition of a SFD as part of the City of Philadelphia demolition program. Add'l specs: 2 stucco c/w 836 & 340 Cantrell St. No sidewalk (Immediate start) Erosion control mat with seed on lot.**" *See Exhibit "E"*. The Purchase Order the City of Philadelphia issued to Curran also includes similar specifications, and further states that Curran's work was to be done in "ACCORDANCE WITH PROCUREMENT DEPARTMENT SPEC NO. 24-D-1, LATEST ISSUE IN EFFECT". *See Exhibit "F."*.

Plaintiffs' Complaint asserts not a single claim that Curran negligently performed its

7

work at the Property. The only allegation against Curran arise from the assertion that Curran illegally demolished the Property before Plaintiffs had the opportunity to appeal the City of Philadelphia's determination that the Property was imminently dangerous and required immediate and emergency demolition for the safety of neighboring properties. *See Exhibit "A,"* generally. Plaintiffs do not assert a separate cause of action against Curran related to its work at the Property. As such, Plaintiffs' claims against Curran must be dismissed because Curran was acting as a government contractor because all specifications and direction for the work Curran performed came from the City of Philadelphia.

Under Pennsylvania law, a contractor who complies with the specifications of a contract with the government is immune from liability in the absence of negligence, willfully tortious behavior, or if the work performed is a ultrahazardous activity. *Davis v. Budd Co., No. 94-3023,* 1995 U.S. Dist. LEXIS 19247 (E.D. Pa. Dec. 26, 1995); *See also Lobozzo v. Adam Eidemiller, Inc.,* 473 Pa. 360, 263 A.2d 432 (Pa. 1970); *Valley Forge Gardens, Inc. v. James D. Morrissey, Inc.*, 385 Pa. 477, 123 A.2d 888 (Pa. 1956); *Ference v. Booth and Flinn Co.,* 370 Pa. 400, 88 A.2d 413 (Pa. 1952). The *Ference* court noted that the government contract defense may be invoked not only when the damage a plaintiff complains of is caused by a particular government specification for a project, but also when the damage is a "necessary" consequence of the project as a whole. *Ference*, 88 A.2d at 414-15; *see also Beaver Valley Power Co. v. National Engineering & Contracting Co.*, 883 F.2d 1210, 1215 (3d Cir. 1989).

In order to avail itself of the government contract defense, the defendant must first show that the government established the specifications for the project; that the project materially met those specifications; and that the government knew as much or more than the defendant about the hazards of the project. *Beaver Valley Power Co.*, 883 F.2d at 1216. In *Beaver Valley,* a

8

property owner filed suit against a government contractor, an Ohio corporation, which, pursuant to a contract with Pennsylvania Department of Transportation, built a bridge on the Beaver River, downstream from the plaintiff's hydroelectric power station.  After construction, Beaver Valley Power Co. brought suit claiming trespass and negligence, arguing that construction of a dam for bridge construction raised the level of the river, flooding Beaver Valley Power Co.'s station and otherwise impeding its ability to generate power.  The court granted defendant's motion for summary judgment on the government contractor defense.  The Third Circuit reversed the lower court's grant of summary judgment, *but only* because there were several genuine issues of material fact regarding whether the contractor actually adhered the government's specifications.  *See Beaver Valley Power Co.*, 883 F.2d 1210.  We have no dispute on that issue in the instant matter.

As demonstrated above and in the contract documents for the demolition of the Property, as well as Plaintiffs' Complaint, there is no issue here regarding the manner of the work Curran performed in this matter.  Plaintiffs' claims arise from the total loss of their property from the demolition of the Property.  The City engaged Curran to perform the demolition pursuant to the City's demolition program.  *See Exhibit "E"*.  Plaintiffs do not allege that Currant negligently performed the work in any way.  They merely allege that Currant was negligent and guilty of trespass because the Property was improperly demolished and Plaintiffs were not provided the opportunity to appeal the City's decision that the Property was "imminently dangerous" and required immediate demolition.

Curran was invited to submit a sidewalk bid for the demolition work, which it did.  *See Copy of Curbside Bids, attached hereto as Exhibit "G."*  The City awarded the project to Curran and issued a Notice of Demolition Permit and a Purchase Order for the demolition work.  *See*

9

*Exhibits "E" and "F."* The Demolition Permit and Purchase Order both include the City's specifications for that work. The City inspected the Property prior to accepting the curbside bids and issuing the Purchase Order to Curran. *See Exhibit "D."* Accordingly, the City was well aware of the nature of the hazards associated with the work it hired Curran to perform.

The City hired Curran to perform the demolition the Property pursuant to the specifications set forth in the City's Purchase Order and Notice of Demolition Permit. Curran performed the work in accordance with those specifications and there is no argument (or claim) to the contrary. The facts of this matter establish that Curran is immune from suit under the Government Contractor defense and, accordingly, Plaintiffs' claims against Curran must fail as a matter of law.

### IV. CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's Complaint against Moving Defendants in its entirety with prejudice.

Respectfully submitted,

BY:  /s/ *Franklin C. Love*
FRANKLIN C. LOVE, ESQUIRE
fclove@zarwin.com
**ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.**
One Commerce Square
2005 Market Street, 16th Floor
Philadelphia, PA 19103
Phone: 215.569.2800
Fax: 267.765.9638
**Attorney for Defendants,
City of Philadelphia, A&M Curran LLC
and Thomas Curran**

Dated: May 25, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN WAGNER and<br>ANDRE ARAUJO<br>                Plaintiffs,<br><br>    v.<br>CITY OF PHILADELPHIA, A&M CURRAN<br>LLC AND THOMAS CURRAN<br>                Defendants. | CIVIL ACTION<br><br>NO. 2:22-CV-01394 |

**CERTIFICATE OF SERVICE**

I, Franklin C. Love, Esquire certify that on this date, a true and correct copy of the Defendants' Motion for Judgment on the Pleadings was served via E-Mail and the Court's Electronic Filing System ("ECF") to the following:

Alexander R. Perry, Esq.
Perry & Perry
734 S. Fourth St.
Philadelphia, PA 19147

Date: May 25, 2022          By:/s/*Franklin C. Love*
                                                  FRANKLIN C. LOVE, ESQUIRE